IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOHNSON-LANCASTER <br> AND ASSOCIATES, INC. <br> 13031 US 19 N <br> Clearwater, Florida 33764 <br> <br> *Plaintiff* <br> <br> v. <br> <br> H.M.C., INC. <br> 7190 Oakland Mills Road <br> Suite 10 <br> Columbia, Maryland 21046 <br> <br> Serve On: <br> <br> Kara Anne Dipietro, Resident Agent <br> 1836 Landrake Road <br> Towson, Maryland 21204 <br> <br> *Defendant* <br> v. <br> <br> HUDSON INSURANCE COMPANY <br> 22 Cortlandt Street, 18th Floor <br> New York, New York 10007 <br> <br> Serve On: <br> <br> The Corporation Trust Company <br> Corporation Trust Center <br> 1209 Orange Street <br> Wilmington, Delaware 19801 <br> <br> *Defendant.* | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * Case No. <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

*******************************************************************************

## **COMPLAINT**

Johnson-Lancaster and Associates, Inc., Plaintiff, by Hartman, Attorneys at Law, and C. Edward Hartman, III, its attorneys, hereby files this Complaint against Defendants H.M.C., Inc. and Hudson Insurance Company (collectively the "Defendants"), and states in support thereof:

## PARTIES

1. Johnson-Lancaster and Associates, Inc. (hereinafter referred to as "Johnson-Lancaster") is a Florida corporation. Johnson-Lancaster is engaged in the business of furnishing, contracting and supplying construction materials used in commercial construction in Maryland and Pennsylvania.

2. H.M.C., Inc. (hereinafter referred to as "HMC") is a Maryland corporation with its principal office located in Columbia, Maryland. HMC is engaged in the construction business.

3. Hudson Insurance Company (hereinafter referred to as "HIC") is a Delaware corporation with its principal place of business in New York. Hudson Insurance Company is engaged in the business of supplying payment and performance bonds on construction projects. Hudson Insurance Company issued or caused to be issued in the state of Maryland, contracts to act as surety for, or on, persons, property, risks, contracts, obligations, or agreements located, executed or to be performed in Maryland.

## JURISDICTION

4. Jurisdiction of this matter is proper pursuant to 28 U.S.C. §1332, the parties being of different states and the amount in controversy exceeding $75,000.00.

5. Venue is proper in this District as HMC's principal place of business is in Columbia, Maryland and a large portion of the supplies and/or labor was furnished in Prince George's County, Maryland.

## FACTS

6. Johnson-Lancaster furnished supplies and/or labor to HMC for two commercial construction projects located in Upper Marlboro, Maryland and Loretto, Pennsylvania.

Maryland Project

7. Rich Moe Enterprises, LLC (hereinafter referred to as "RME") entered into a contract with Prince George's County, Maryland (hereinafter referred to as "PGC") on or about January 15, 2018 to serve as general contractor for the renovation of the Prince George's County Courthouse Cafeteria (hereinafter referred to as the "Maryland Project").

8. On or about January 15, 2018, pursuant to the Maryland Little Miller Act, Md. State Fin. Proc. Ann. Code, §17-101 *et seq.*, RME obtained a payment bond on the Maryland Project from HIC referred to as Bond Number HAS-MA-1547 (hereinafter referred to as the "Bond"). The payment bond named RME as the principal and HIC as the surety on the Maryland Project.

9. RME subcontracted a portion of the construction work to HMC.

10. HMC then entered into an agreement with Johnson-Lancaster on or about October 8, 2018 through the form of a quote and on or about December 4, 2018 through the form of purchase orders (collectively referred to as the "PGC Agreement") requiring Johnson-Lancaster to furnish and deliver commercial food service related services and materials for the Maryland Project.

11. HMC agreed to pay $453,452.00 to Johnson-Lancaster in accordance with the PGC Agreement. True and accurate copies of the quote and purchase orders are attached hereto and incorporated herein as **Exhibit A**.

12. From approximately December 11, 2018 to September 26, 2019, Johnson-Lancaster furnished, sold and delivered food service equipment to HMC for the construction of the Maryland Project.

13. The last pieces of equipment were delivered and installed on or about September 11, 2019.

14. HMC, RME, and Prince George's County, Maryland accepted all pieces of equipment.

15. Johnson-Lancaster performed as promised pursuant to the terms of the PGC Agreement and completed its duties.

16. From approximately January 2019 to May 2019, Johnson-Lancaster sent invoices to HMC for work and services performed by Johnson-Lancaster pursuant to the PGC Agreement. True and accurate copies of the invoices are attached hereto and incorporated herein as **Exhibit B**.

17. HMC failed to pay Johnson-Lancaster for the materials and services provided in accordance with the terms of the PGC Agreement resulting in a balance of One Hundred Seventy-Five Thousand, Five Hundred Seventy-One Dollars and Ninety Cents ($175,571.90).

18. Johnson-Lancaster sent several written requests for payment to HMC from May 2019 to October 2019.

19. The last payment made by HMC to Johnson-Lancaster occurred on or about September 13, 2019.

20. Johnson-Lancaster demanded full payment from HMC, but HMC has failed and refuses to comply with the PGC Agreement.

21. The amount owed to Johnson-Lancaster is not disputed.

22. On or about October 30, 2019, Johnson-Lancaster sent written notice of HMC's unpaid balance to RME. Johnson-Lancaster requested a copy of the Bond.

23. RME failed to timely produce the Bond despite several requests from Johnson-Lancaster.

24. RME finally produced the Bond to Johnson-Lancaster on or about November 12, 2019.

25. On or about November 15, 2019, Johnson-Lancaster sent written notice of HMC's unpaid balance to HIC and requested initiation of a claim against the Bond for the unpaid balance.

26. HIC failed to timely respond to Johnson-Lancaster's written request.

27. On or about November 22, 2019, Johnson-Lancaster sent another written claim request to HIC.

28. HIC did not respond to Johnson-Lancaster's request to file a claim against the Bond until November 26, 2019.

29. HIC did not provide the claim form to Johnson-Lancaster until December 9, 2019.

30. On December 13, 2019, Johnson-Lancaster submitted the proof of claim form and supporting documents to HIC for Bond No. HAS-MA-1547.

Pennsylvania Project

31. HMC executed a contract with Saint Frances University in Loretto, Pennsylvania for the renovation of the JFK Student Center (hereinafter referred to as the "Pennsylvania Project").

32. HMC subcontracted a portion of the construction work to Johnson-Lancaster to furnish and deliver certain materials for the Pennsylvania Project.

33. Johnson-Lancaster and HMC entered into a contract through the form of purchase orders (collectively referred to as the "SFU Agreement") requiring Johnson-Lancaster to serve as a supplier for the Pennsylvania Project and specifically to provide commercial food service equipment related services and materials for the Pennsylvania Project. True and accurate copies of the quote and purchase orders are attached hereto and incorporated herein as **Exhibit C**.

34. From approximately April 2019 to October 16, 2019, Johnson-Lancaster provided and installed commercial food service equipment for the Pennsylvania Project.

35. Johnson-Lancaster completed its duties in accordance with the SFU Agreement. Johnson-Lancaster sent invoices to HMC for work and services performed by Johnson-Lancaster pursuant to the SFU Agreement. True and accurate copies of the invoices are attached hereto and incorporated herein as **Exhibit D**.

36. HMC failed to make full payment to Johnson-Lancaster as required by the SFU Agreement.

37. Johnson-Lancaster demanded full payment from HMC, but HMC has failed and refuses to comply with the SFU Agreement.

38. HMC owes Four Hundred Forty-Seven Thousand Three Hundred Eighty-Eight Dollars and Eighty-One Cents ($447,388.81) to Johnson-Lancaster.

39. The amount owed to Johnson-Lancaster is not disputed by HMC.

## COUNT I
## (Breach of Contract-H.M.C., Inc.-Maryland Project)

40. Johnson-Lancaster incorporates by reference and realleges the averments of paragraphs 1 through 39.

41. HMC and Johnson-Lancaster executed the PGC Agreement.

42. Johnson-Lancaster provided supplies and/or labor to HMC in accordance with the PGC Agreement.

43. HMC breached the Agreement by failing to make full payments to Johnson-Lancaster in accordance with the PGC Agreement as and when due.

44. Despite the demands, HMC failed to fully pay Johnson-Lancaster in accordance with the PGC Agreement.

45. HMC breached the PGC Agreement, causing Johnson-Lancaster to suffer damages in the amount of One Hundred Seventy-Five Thousand, Five Hundred Seventy-One Dollars and Ninety Cents ($175,571.90) plus pre-judgment and post-judgment interest.

46. Johnson-Lancaster is entitled to judgment against HMC for the above-noted amount.

## COUNT II
### (Unjust Enrichment-H.M.C., Inc.-Maryland Project)

47. Johnson-Lancaster incorporates by reference and realleges the averments of paragraphs 1 through 46.

48. Johnson-Lancaster is entitled to receipt of full payment for the services and/or materials provided to HMC for the Maryland Project.

49. Johnson-Lancaster conferred a benefit upon HMC when Johnson-Lancaster furnished and installed commercial food service equipment to HMC for the Maryland Project, and HMC failed to and refused to make a full payment to Johnson-Lancaster.

50. HMC was aware of, and had knowledge of, the benefits conferred upon it by Johnson-Lancaster.

51. It is unequitable for HMC to retain the benefits of the delivery and installation of the commercial food service equipment for the Maryland Project without full payment for these benefits to Johnson-Lancaster.

52. Johnson-Lancaster has suffered damages as a result of HMC's actions in the amount of One Hundred Seventy-Five Thousand, Five Hundred Seventy-One Dollars and Ninety Cents ($175,571.90) plus pre-judgment and post-judgment interest.

## COUNT III
### (Breach of Contract-H.M.C., Inc.-Pennsylvania Project)

53. Johnson-Lancaster incorporates by reference and realleges the averments of paragraphs 1 through 52.

54. HMC and Johnson-Lancaster executed the SFU Agreement.

55. Johnson-Lancaster provided supplies and/or labor to HMC in accordance with the SFU Agreement.

56. HMC breached the Agreement by failing to make full payments to Johnson-Lancaster in accordance with the SFU Agreement as and when due.

57. Despite the demands, HMC failed to fully pay Johnson-Lancaster in accordance with the SFU Agreement.

58. HMC breached the SFU Agreement, causing Johnson-Lancaster to suffer damages in the amount of Four Hundred Forty-Seven Thousand Three Hundred Eighty-Eight Dollars and Eighty-One Cents ($447,388.81) plus pre-judgment and post-judgment interest.

59. Johnson-Lancaster is entitled to judgment against HMC for the above-noted amount.

## COUNT IV
### (Unjust Enrichment-H.M.C., Inc.-Pennsylvania Project)

60. Johnson-Lancaster incorporates by reference and realleges the averments of paragraphs 1 through 59.

61. Johnson-Lancaster is entitled to receipt of full payment for the services and/or materials provided to HMC for the Pennsylvania Project.

62. Johnson-Lancaster conferred a benefit upon HMC when Johnson-Lancaster furnished and installed commercial food service equipment to HMC for the Pennsylvania Project, and HMC failed to and refused to make a full payment to Johnson-Lancaster.

63. HMC was aware of, and had knowledge of, the benefits conferred upon it by Johnson-Lancaster.

64. It is unequitable for HMC to retain the benefits of the delivery and installation of the commercial food service equipment for the Pennsylvania Project without full payment for these benefits to Johnson-Lancaster.

65. Johnson-Lancaster has suffered damages as a result of HMC's actions in the amount of Four Hundred Forty-Seven Thousand Three Hundred Eighty-Eight Dollars and Eighty-One Cents ($447,388.81) plus pre-judgment and post-judgment interest.

## COUNT V
### (Little Miller Act/Payment Bond-H.M.C., Inc. and Hudson Insurance Company)

66. Johnson-Lancaster incorporates by reference and realleges the averments of paragraphs 1 through 65.

67. This cause of action is brought pursuant to Md. Code Ann., State Fin. & Proc. Code §17-101 *et seq.* referred to as Maryland's "Little Miller Act," for work performed and completed less than one (1) year after the date of final acceptance of the work performed under a public construction contract, within this jurisdiction and/or pursuant to the terms and provisions of the Bond.

68. RME into a contract with PGC for the purpose of performing work on the Maryland Project for the construction, renovation and/or repair of the Prince George's County Courthouse Cafeteria.

69. RME subcontracted a portion of the construction work to HMC.

70. HMC then entered into the PGC Agreement with Johnson-Lancaster requiring Johnson-Lancaster to furnish and deliver commercial food service-related services and materials for the Maryland Project.

71. HIC was, at all times herein mentioned, the surety for the Maryland Project, and furnished the Bond to PGC in the amount of Three Million Eight Hundred Twenty Six Thousand Two Hundred and Twenty-Five Dollars and Eighty Cents ($3,826,225.80), naming RME as the principal and HIC as the surety. A true and accurate copy of the Bond is attached hereto and incorporated herein as **Exhibit E**.

72. Pursuant to the terms of the Bond, HIC bound itself jointly and severally with RME and/or its subcontractors, for performance of work on the Maryland Project, including labor and/or materials supplied or furnished by HMC's subcontractors.

73. Pursuant to the PGC Agreement, Johnson-Lancaster did furnish and install commercial food service equipment necessary for completion of the Maryland Project.

74. Johnson-Lancaster issued invoices to HMC in the amount of the agreed price for the materials furnished and services provided to HMC and/or at the request of HMC, its agents and/or employees. *See* **Exhibit B**.

75. HMC failed to fully pay Johnson-Lancaster in accordance with the PGC Agreement in the amount of One Hundred Seventy-Five Thousand, Five Hundred Seventy-One Dollars and Ninety Cents ($175,571.90).

76. Despite demands for full payment, HMC refuses to render full payment to Johnson-Lancaster.

77. There is no legal justification for HMC to withhold payment.

78. Johnson-Lancaster satisfied all requirements for filing the payment bond claim with HIC.

79. The notice of a payment bond claim included, but is not limited to, written notice of nonpayment sent to RME on or about October 30, 2019, written notice of nonpayment and intent to file a payment bond claim sent to HIC on or about November 15, 2019 and November 22, 2019, and a letter with the completed payment bond claim form and supporting documentation on December 13, 2019. True and accurate copies of all notices are attached hereto and incorporated herein as **Exhibit F**. These notices were received by RME and HIC.

80. RME and HIC were aware that Johnson-Lancaster supplied commercial food service equipment for the Maryland Project and was owed a substantial amount of money.

81. The material furnished and/or services provided by Johnson-Lancaster was accepted by PGC no more than one (1) year prior to this suit being filed.

82. Pursuant to the terms of the Bond, HIC is liable to Johnson-Lancaster for the total amount owed on the Maryland Project, plus pre-judgment and post-judgment interest, costs, and attorney's fees.

WHEREFORE, Plaintiff, Johnson-Lancaster and Associates, Inc., hereby prays that this Honorable Court:

A. Enter judgment in favor of Plaintiff and against Defendant, H.M.C., Inc. for breach of contract and/or unjust enrichment related to the Maryland Project in the amount of One Hundred Seventy-Five Thousand, Five Hundred Seventy-One Dollars and Ninety Cents ($175,571.90), plus pre-judgment and post-judgment interest;

B. Enter judgment in favor of Plaintiff and against Defendant, H.M.C., Inc. for breach of contract and/or unjust enrichment related to the Pennsylvania Project in the amount of Four Hundred Forty-Seven Thousand Three Hundred Eighty-Eight Dollars and Eighty-One Cents ($447,388.81), plus pre-judgment and post-judgment interest;

C. Enter judgment in favor of Plaintiff and against Defendants, H.M.C., Inc. and Hudson Insurance Company pursuant to the Little Miller Act in the amount of One Hundred Seventy-Five Thousand, Five Hundred Seventy-One Dollars and Ninety Cents ($175,571.90), plus pre-judgment and post-judgment interest; and

D. Grant such other and further relief as the nature of this cause may require.

Date:  April 17, 2020                              Respectfully Submitted,

HARTMAN, ATTORNEYS AT LAW

By:   /s/ C. Edward Hartman, III
      C. Edward Hartman, III, No. 07716
      116 Defense Highway, Suite 300
      Annapolis, Maryland 21401-7047
      Telephone:  (410) 266-3232
      Facsimile:  (410) 266-5561
      Email:  ed@hartman.law
      *Attorneys for Plaintiff*