IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHNSON-LANCASTER AND ASSOCIATES, INC., | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action No.  ADC-20-0992 |
| | * | |
| H.M.C., INC., *et al.* | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Defendant, Hudson Insurance Company ("Defendant" or "HIC"), moves this Court for summary judgment (the "Motion") (ECF No. 55) in its favor for Count V of Plaintiff, Johnson-Lancaster and Associates, Inc.'s ("Plaintiff") Complaint (ECF No. 1). After considering the Motion and responses thereto, the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2018). In addition, having reviewed the pleadings of record and all competent and admissible evidence submitted by the parties, the Court DENIES HIC's Motion (ECF No. 55). The Court will also DENY Plaintiff's Motion for Leave to File a Surreply. (ECF No. 73).

## FACTUAL BACKGROUND

In ruling on a motion for summary judgment, this Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *see also Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 433 (4th Cir.2013). On or about January 15, 2018, Rich Moe Enterprises, LLC ("RME") entered into a contract with Prince George's County, Maryland ("PGC") to serve as general contractor for the renovation of the Prince George's County Courthouse Cafeteria (hereinafter referred to as the "Maryland Project"). ECF No. 1 at 2. Pursuant to the provisions of the Maryland Little Miller Act, Md. State Fin. Proc. Ann. Code, § 17-101 *et seq.*, RME obtained a payment bond ("Bond") on the Maryland Project from

Defendant HIC. *Id.* at 3. HIC is engaged in the business of supplying payment and performance

bonds on construction projects. *Id.* at 2. The Bond obtained by RME for the Maryland Project

named RME as the principal and HIC as the surety. *Id.* at 3.

Under the Maryland Project contract, RME subcontracted a portion of the construction

work to H.M.C., Inc. ("HMC"), a construction company. *Id.* HMC entered into its own contract

with Plaintiff. *Id.* Plaintiff is engaged in the business of furnishing, contracting and supplying

construction materials used in commercial construction in Maryland and Pennsylvania. *Id.* From

approximately December 11, 2018 to September 26, 2019, Plaintiff furnished, sold, and delivered

food service equipment to HMC for the construction of the Maryland Project. *Id.* The last pieces

of equipment were delivered and installed on or about September 11, 2019. *Id.*

From approximately January 2019 to May 2019, Plaintiff sent invoices to HMC for work

and services performed pursuant to the agreement between RME and PGC. *Id.* at 4. HMC failed

to pay Plaintiff for the materials and services provided resulting in a balance of $175,571.90. *Id.*

Plaintiff asserts it sent several requests for payment to HMC from May 2019 to October 2019. *Id.*

The last payment made by HMC to Plaintiff occurred on or about September 13, 2019. *Id.*

The uncontested facts show that on October 30, 2019, Plaintiff sent an email to RME as

notice of subcontractor HMC's unpaid balance. ECF No. 1-6 at 4; ECF No. 55-1 at 3. The email

identified the project, the subcontractor who failed to pay Plaintiff, the current balance due to

Plaintiff, and included documents supporting the unpaid balance. ECF No. 65-1 at 4. In this email

to RME, Plaintiff also requested a copy of the Bond. ECF No. 1 at 4. After repeated requests to

RME, on November 12, 2019 RME produced the Bond to Plaintiff. ECF No. 1 at 3.

It is further uncontested that on November 15, 2019, Plaintiff emailed HIC notice of

HMC's unpaid balance and requested initiation of a claim against the Bond for the unpaid balance.

ECF No. 65-7 at 2. This email to HIC contained the same information as Plaintiff's October 30,

2019 email to RME. *Id.* When HIC failed to respond to Plaintiff's November 15th email, Plaintiff followed up with a second email on November 22, 2019. ECF No. 65-8 at 2. On November 26, 2019, HIC responded to Plaintiff's request to file a claim and subsequently provided the claim form to Plaintiff on December 9, 2019. ECF No. 65-9 at 13; ECF No. 65-10 at 3-5. On December 13, 2019, Plaintiff submitted the proof of claim form and supporting documents to HIC for the Bond. ECF No. 65-11. It is undisputed that Plaintiff notified the two parties of the unpaid balance through email and not certified mail. ECF No. 65-11.

## PROCEDURAL BACKGROUND

On April 17, 2020, Plaintiff filed suit in this Court, alleging in part that HIC is liable to Plaintiff for the total amount owed to it on the Maryland Project. ECF No. 1 at 11.[1] On December 4, 2020, HIC filed its Motion, seeking summary judgment against Count V of Plaintiff's Complaint. ECF No. 55. On December 18, 2020, Plaintiff filed a response. ECF No. 65. HIC filed a reply on January 1, 2021. ECF No. 73. On January 19, 2021, Plaintiff filed a Motion for Leave to File a Surreply to Defendant Hudson Insurance Company's Reply in Support of Its Motion for Summary Judgment. ECF No. 73.

This matter is now fully briefed, and the Court has reviewed HIC's Motion as well as the responses thereto. For the following reasons HIC's Motion (ECF No. 55) is DENIED.

## DISCUSSION

### A. Standard of Review

Pursuant to Rule 56, a movant is entitled to summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

---

[1] On December 16, 2020, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of all parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings. ECF No. 57.

show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The Supreme Court has clarified that not every factual dispute will defeat a motion for summary judgment, but rather there must be a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." (emphases in original)). An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome. *Id.* at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). On the other hand, if after the court has drawn all reasonable inferences in favor of the nonmoving party, "the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citations omitted).

The party seeking summary judgment bears the initial burden of establishing either that no genuine issue of material fact exists or that a material fact essential to the non-movant's claim is absent. *Celotex Corp.*, 477 U.S. at 322–24. Once the movant has met its burden, the onus is on the non-movant to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In order to meet this burden, the non-movant "may not rest upon the mere allegations or denials of [its] pleadings," but must instead "set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed.R.Civ.P. 56(e)).

In determining whether a genuine issue of material fact exists, the court views the facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Glynn v. EDO Corp.*, 710 F.3d 209, 213 (4th Cir. 2013) (citing *Bonds v. Leavitt*, 629 F.3d 369, 380 (4th Cir.

2011)).  A genuine issue of material fact exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 635 (4th Cir. 2005) (quoting *Anderson*, 477 U.S. at 249).  Thus, "to grant summary judgment the [c]ourt must determine that no reasonable jury could find for the nonmoving party on the evidence before it." *Moss v. Parks Corp.*, 985 F.2d 736, 738 (4th Cir. 1993) (quoting *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990)).

### B. HIC's Motion for Summary Judgment

In its Motion, HIC seeks summary judgment on Count V of Plaintiff's Complaint. Count V of Plaintiff's Complaint asserts that HIC is liable to Plaintiff under the terms of the Bond for the amount owed by HMC. HIC contends that this Court should grant summary judgment because Plaintiff failed to comply with the certified mail service requirement set forth in Md. Code Ann., State Fin. & Proc. § 17-108(b)(2)(ii). ECF No. 55-1 at 4.

The Maryland Little Miller Act sets out the time and notice requirements for subcontractors and suppliers to take advantage of the bond or other payment security. In relevant part, it states:

> (b)(1) A supplier who has a direct contractual relationship with a subcontractor or sub-subcontractor of a contractor who has provided payment security but no contractual relationship with the contractor may sue on the security if the supplier gives written notice to the contractor within 90 days after the labor or materials for which the claim is made were last supplies in prosecution of work covered by the security.
>
> (2) A notice under this subsection:
>> (i) shall state with substantial accuracy the amount claimed and the person to whom the labor or material was supplies; and
>> (ii) shall be sent by certified mail to the contractor at the contractor's residence or a place where the contractor has an office or does business.

Md. Code Ann., State Fin. & Proc. § 17-108(b). The preamble to the Act states, "the main purpose of the Bill is to provide greater protection to sub-contractors on contracts awarded by the state."

5

*CTI/DC, Inc. v. Selective Ins. Co. of America*, 391 F.3d 114, 118 (4th Cir.2004) (internal citation omitted). While the statute as a whole is designed to add protection to subcontractors, the notice requirements aim to protect the general contractor. *Id.* at 119.

Plaintiff admits that it did not send RME or HIC notice by certified mail but argues that Maryland case law liberally interprets the Little Miller Act notice provisions in its favor. ECF No. 65-1 at 9. Plaintiff states that the case law demonstrates "reviewing courts will accept written notice as sufficient if the substance of the notice of the bond claim complies with the Little Miller Act, there was actual notice to the contractor, and there is no prejudice to the contractor based on service by a method other than certified mail." ECF No. 65-1 at 9.

Plaintiff is correct that courts have liberally interpreted the Little Miller Act's requirements concerning the method by which notice is given. *CTI/DC, Inc.,* 391 F.3d at 120 (citing *Maccaferri Gabions, Inc. v. Dynateria Inc.*, 91 F.3d 1431, 1437 (11th Cir.1996). In *State Roads Commission v. Contee Sand & Gravel Company, Inc.,* the court determined that written notice of a bond claim by regular mail was sufficient. 308 F.Supp. 650, 652 (D.Md. 1970). In that case, a sub-subcontractor sent notice of a bond claim by certified mail to the prime contractor's surety but sent notice by regular mail to the defendant subcontractor. *Id.* at 651. The court held that because the notice received by the surety was sent properly by certified mail and the notice sent to defendant was otherwise sufficient, that the Little Miller Act "should be liberally construed in aid of its remedial purposes." *Id.* at 652.

This matter differs from *Contee* because Plaintiff here never sent RME or HIC notice of the bond claim by certified mail. Plaintiff only sent its notice by email. The provisions of Maryland's Little Miller Act require notice be sent by certified mail. Certified mail is the only means of delivery mentioned in the statute. And while "[a] liberal construction is not one that contravenes the plain language of the statute." *CTI/DC, Inc.,* 392 F.3d at 121, this Court must still

look to the purpose of the statute to determine whether email is a sufficient means of delivery. In this case, a liberal construction of the means of delivery does not contravene the remedial purpose of the statute. The purpose of certified mail is to ensure receipt of the claim. In this case, receipt of the claim was ensured by email which provided a digital history of delivery.

The Court agrees with Plaintiff that HIC's reliance on *CTI/DC, Inc.* is improper because that case involved issues related to the sufficiency of the content and timing of the notice. In *CTI/DC, Inc.*, the plaintiff failed to include the name of the subcontractor in its notice to the general contractor. *Id.* at 120. The plaintiff also attempted to get the court to read an untimely letter in conjunction with its notice in order to meet the sufficiency requirements set forth in Maryland's Little Miller Act. *Id.* at 122. The court rejected both of the plaintiff's arguments. Regarding the plaintiff's attempt to incorporate the untimely letter, the court explained that accepting the letter "would place the ninety-day notice requirement on the proverbial 'slippery slope,' further impairing the legislative goal of protecting the general contractor." *Id.* at 122. In this case, the content of the notice and the timely filing of the notice is not at issue. HIC's motion put simply, asks the Court to dismiss Count V because the notice filed by Plaintiff, uncontested as meeting the statutory requirements, was emailed and not certified mailed.

In *Fleisher Engineering*, the Supreme Court stated, "[i]n giving a reasonable construction in order to effect its remedial purpose, we think that a distinction should be drawn between the provision explicitly stating the condition precedent to the right to sue and the provision as to the manner of serving notice." *Fleisher Engineering & Construction Co. v. United States for Use and Benefit of Hallenbeck,* 311 U.S. 15, 18 (1940). *Fleisher Engineering* concerned a claim under the Miller Act of 1935, 40 U.S.C.A. Sec 270(b), analogous to the Maryland Act here.  Regarding the manner of service, the Court in *Fleisher Engineering* held that Congress intended to provide a method which would afford sufficient proof of service. *Id.* At 19. The court in *Contee* applied this

same logic that although notice was sent by ordinary mail, where it was otherwise sufficient and actually reached one of the two joint and several contractors the Act should be liberally construed in aid of its remedial purpose. *Contee,* 308 F. Supp. at 652.

In the present case, there is no challenge to the sufficiency of the notice. Plaintiff has met its burden under Section (b)(1). There is no Maryland authority cited by either party that has limited the delivery aspect of the notice to solely certified mail. HIC argues that this Court must simply and blindly apply strict construction to the words "certified mail", without looking to the purpose of the statute. This court declines such an invitation under these particular facts. As in *CTI/DC*, this Court applies the Fourth Circuit's reasoning to keep with the purpose of the payment bond to protect subcontractors and materialmen and applies a liberal interpretation of the Little Miller Act. *CTI/DC,* 391 F.3d at 118.

Here, to grant summary judgment would simply provide an unjust windfall to HIC who has also failed to allege any prejudice in the emailed notice and most importantly, would thwart the purpose of the Little Miller Act. The content of the notice is not at issue. The timeliness of the notice is not at issue. Even the receipt of the notice is not at issue. HIC admitted timely receipt *by email* of the Plaintiff's claim. The purpose of certified mail is to protect the parties – for a plaintiff that notice was sent and received, and for a defendant the date of receipt of such notice. In this case and under these specific facts, Plaintiff has an email record of that receipt and HIC was on notice of the claim and had a record of the receipt. There is no showing of prejudice nor can there be since HIC received timely notice. The purpose of the statute is fully met because sufficient proof of service and receipt of that service was shown. *Fleisher* at 19. Therefore, HIC's motion for summary judgment (ECF 55) is DENIED.

## C. Plaintiff's Motion for Leave to File Surreply

Plaintiff's Motion to File Surreply to Defendant Hudson Insurance Company's Reply in Support of Its Motion for Summary Judgment (ECF No. 73) has been fully briefed. For reasons as stated herein, the motion is DENIED.

In general, parties are not permitted to file surreplies. Loc. R. 105.2(a) (D. Md. 2016). A party moving for leave to file a surreply must show a need for a surreply. *Thompson v. Naval Acad. Athletic Ass'n*, No. CIV.A. RDB-12-2676, 2013 WL 3965100, at *8 (D. Md. Aug. 1, 2013). No further briefing is needed here. The parties have fully briefed the issues pending before this Court with volumes of memoranda, affidavits, and exhibits. Accordingly, Plaintiff's Motion (ECF No. 73) is DENIED.

### CONCLUSION

For the reasons set forth in this Memorandum Opinion, the Court finds that consistent with the purposes of Maryland's Little Miller Act, the Defendant HIC was properly noticed of the bond claim. Therefore, Defendant's Motion (ECF No. 55) is DENIED. Additionally, Plaintiff's Motion for Leave to File a Surreply (ECF No. 73) is DENIED. A separate order will follow.

Date: 29 April 2021

A. David Copperthite
United States Magistrate Judge

9