IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHNSON-LANCASTER AND          *
ASSOCIATES, INC.,              *
                              *
            Plaintiff,         *
                              *
    vs.                        *          Civil Action No.   ADC-20-0992
                              *
H.M.C., INC., *et al.*         *
                              *
            Defendant.         *
                              *

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff, Johnson-Lancaster and Associates, Inc. ("Plaintiff"), moves this Court for summary judgment (the "Motion") (ECF No. 79). Plaintiff seeks a ruling in its favor for Count V of its Complaint (ECF No. 1) against Defendant, Hudson Insurance Company ("Defendant" "HIC"). After considering the Motion and responses thereto (ECF Nos. 81, 89), the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2018). In addition, having reviewed the pleadings of record and all competent and admissible evidence submitted by the parties, the Court finds that there are no genuine issues of material fact as to the claim asserted. Accordingly, the Court will GRANT Plaintiff's Motion (ECF No. 79) as to Defendant HIC.

## FACTUAL BACKGROUND

In ruling on a motion for summary judgment, this Court reviews the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *see also Hardwick ex rel. Hardwick v. Heyward*, 711 F.3d 426, 433 (4th Cir.2013). On or about January 15, 2018, Rich Moe Enterprises, LLC ("RME") entered into a contract with Prince George's County, Maryland ("PGC") to serve as general contractor for the renovation of the Prince

1

George's County Courthouse Cafeteria (hereinafter referred to as the "Maryland Project"). ECF No. 1 at 2. Pursuant to the provisions of the Maryland Little Miller Act, Md. State Fin. Proc. Ann. Code, § 17-101 *et seq.*, RME obtained a payment bond ("Bond") on the Maryland Project from Defendant. *Id.* at 3. Defendant is engaged in the business of supplying payment and performance bonds on construction projects. *Id.* at 2. The Bond obtained by RME for the Maryland Project named RME as the principal and Defendant as the surety. *Id.* at 3. Defendant HIC was only involved in the Maryland Project and the claim in Count V only concerned monies owed under the Maryland Project.

Under the Maryland Project contract, RME subcontracted a portion of the construction work to H.M.C., Inc. ("HMC"), a construction company. *Id.* HMC entered into its own contract with Plaintiff. *Id.* Plaintiff is engaged in the business of furnishing, contracting and supplying construction materials used in commercial construction in Maryland and Pennsylvania. *Id.* From approximately December 11, 2018 to September 26, 2019, Plaintiff furnished, sold, and delivered food service equipment to HMC for the construction of the Maryland Project. *Id.* Plaintiff installed the commercial food service equipment necessary to complete the project. *Id.* at 10. The last piece of equipment, a Franke espresso machine, was delivered and installed on or about September 11, 2019. ECF No. 89-4 at 2.

From approximately January 2019 to May 2019, Plaintiff sent invoices to HMC for work and services performed pursuant to the agreement between RME and PGC. ECF No. 1 at 4. HMC failed to pay Plaintiff for the materials and services provided resulting in a balance of $175,571.90. *Id.* Plaintiff asserts it sent several requests for payment to HMC from May 2019 to October 2019. *Id.* The last payment made by HMC to Plaintiff occurred on or about September 13, 2019. *Id.*

2

The uncontested facts show that on October 30, 2019, Plaintiff sent an email to RME as notice of subcontractor HMC's unpaid balance. ECF No. 1-6 at 4; ECF No. 55-1 at 3. The email identified the project, the subcontractor who failed to pay Plaintiff, the current balance due to Plaintiff, and included documents supporting the unpaid balance. ECF No. 65-1 at 4. In this email to RME, Plaintiff also requested a copy of the Bond. ECF No. 1 at 4. After repeated requests to RME, on November 12, 2019, RME produced the Bond to Plaintiff. *Id.* at 3.

On or about November 15, 2019, Plaintiff sent the same written notice of HMC's unpaid balance to Defendant and requested initiation of a claim against the Bond for the unpaid balance. ECF No. 65-7 at 2. When Defendant failed to respond to Plaintiff's November 15th email, Plaintiff followed up with a second email on November 22, 2019. ECF No. 65-8 at 2. On November 26, 2019, Defendant responded to Plaintiff's request to file a claim and subsequently provided the claim form to Plaintiff on December 9, 2019. ECF No. 65-9 at 13; ECF No. 65-10 at 3-5. On December 13, 2019, Plaintiff submitted the proof of claim form and supporting documents to Defendant for the Bond. ECF No. 65-11.

## PROCEDURAL BACKGROUND

On April 17, 2020, Plaintiff filed suit in this Court, alleging in part that Defendant HIC is liable to Plaintiff for the total amount owed to it on the Maryland Project. ECF No. 1 at 11.[1] On December 4, 2020, Defendant filed a Motion for Summary Judgment against Count V of Plaintiff's Complaint. ECF No. 55. On December 18, 2020, Plaintiff filed a response. ECF No. 65. Defendant

---

[1] On December 16, 2020, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of all parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings. ECF No. 57.

filed a reply on January 4, 2021. ECF No. 71. On January 19, 2021, Plaintiff filed a Motion for Leave to File a Surreply to Defendant Hudson Insurance Company's Reply in Support of Its Motion for Summary Judgment. ECF No. 73. On April 29, 2021, this Court entered a Memorandum Opinion and Order denying Defendant's Motion for Summary Judgment and Plaintiff's Motion for Leave to File a Surreply. ECF No. 76, 77.

On May 20, 2021, Plaintiff then filed a Motion for Summary Judgment (ECF No. 79) seeking a ruling in its favor on the same Count. Defendant filed a response in opposition on June 3, 2021. ECF No. 81. On June 17, 2021, Plaintiff filed its reply. ECF No. 89. The Court entered a default judgment as to Defendant HMC. on July 12, 2021. ECF 98. The judgement was in the amount of $622,960.71, representing monies owed to Plaintiff by HMC. for both the Maryland Project ($175,571.90 plus interest) as well as the Pennsylvania Project ($447,388.81 plus interest).

Accordingly, this matter is now fully briefed, and the Court has reviewed Plaintiff's Motion as well as the responses thereto. For the following reasons Plaintiff's Motion (ECF No. 79) is GRANTED as to Defendant HIC.

## DISCUSSION

### A. Standard of Review

Pursuant to Rule 56, a movant is entitled to summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The Supreme Court has clarified that not every factual dispute will defeat a motion for summary judgment, but rather there must be a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere

4

existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." (emphases in original)). An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome. *Id.* at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). On the other hand, if after the court has drawn all reasonable inferences in favor of the nonmoving party, "the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citations omitted).

The party seeking summary judgment bears the initial burden of establishing either that no genuine issue of material fact exists or that a material fact essential to the non-movant's claim is absent. *Celotex Corp.*, 477 U.S. at 322–24. Once the movant has met its burden, the onus is on the non-movant to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In order to meet this burden, the non-movant "may not rest upon the mere allegations or denials of [its] pleadings," but must instead "set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed.R.Civ.P. 56(e)).

In determining whether a genuine issue of material fact exists, the court views the facts and draws all reasonable inferences in the light most favorable to the nonmoving party. *Glynn v. EDO Corp.*, 710 F.3d 209, 213 (4th Cir. 2013) (citing *Bonds v. Leavitt*, 629 F.3d 369, 380 (4th Cir. 2011)). A genuine issue of material fact exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Res. Bankshares Corp. v. St. Paul Mercury Ins. Co.*, 407 F.3d 631, 635 (4th Cir. 2005) (quoting *Anderson*, 477 U.S. at 249). Thus,

5

"to grant summary judgment the [c]ourt must determine that no reasonable jury could find for the nonmoving party on the evidence before it." *Moss v. Parks Corp.*, 985 F.2d 736, 738 (4th Cir. 1993) (quoting *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir. 1990)).

### B. Plaintiff's Motion for Summary Judgment

In its Motion, Plaintiff seeks summary judgment in its favor, asserting that Defendant is liable to Plaintiff under Maryland's Little Miller Act. ECF No. 79-1 at 15. Defendant contends that this Court should deny summary judgment because Plaintiff's claims are subject to genuine disputes of material fact and whether Plaintiff provided adequate notice under the Act is still at issue. ECF No. 81 at 1-2. The Court disagrees with Defendant and GRANTS Plaintiff's Motion for Summary Judgment as to HIC for the reasons discussed below.

Defendant first raises that Plaintiff's work "necessary to complete the contract" was finished in April of 2019, evidenced by two invoices. ECF No. 81 at 11. Plaintiff contends that its notice was timely because the work on the Maryland Project was not complete until September 11, 2019. ECF No. 89-1 at 4. Whether this is a genuine dispute of material fact is based on when a contract is considered indivisible and fulfilled.

The Maryland Little Miller Act sets out the time and notice requirements for subcontractors and suppliers to take advantage of the bond or other payment security. In relevant part, it states:

> (b)(1) A supplier who has a direct contractual relationship with a subcontractor or sub-subcontractor of a contractor who has provided payment security but no contractual relationship with the contractor may sue on the security if the supplier gives written notice to the contractor within 90 days after the labor or materials for which the claim is made were last supplies in prosecution of work covered by the security.

> (2) A notice under this subsection:
> > (i) shall state with substantial accuracy the amount claimed and the person to whom the labor or material was supplied; and

6

> (ii) shall be sent by certified mail to the contractor at the
> contractor's residence or a place where the contractor has an
> office or does business.

Md. Code Ann., State Fin. & Proc. § 17-108(b). In other words, Maryland law provides that for any indivisible contract, "the date from which the ninety days begins to run is the date the last work necessary to complete the contract was performed or the date the last materials, necessary to complete the contract, were furnished." *Stauffer Const. Co., Inv. V. Tate Eng'ing, Inc.*, 44 Md. App. 240, 245 (1979).

The court in *Stauffer Const. Co. Inc., v. Tate Engineering* plainly articulated the rule for the question at hand. In *Stauffer*, the defendant subcontractor had substantially completed its contractual obligations and billed the contractor for the full contract sum on November 7, 1977, while a small amount of work to complete on the contract remained. *Stauffer Const. Co., Inv.*, 44 Md. App. at 241. There, the court held that "it is immaterial if a small part of the work is performed or a small part of the materials is furnished after the notice" and that the words in the Little Miller Act "for which such claim is made" encompasses "all labor and materials supplied in an indivisible contract." *Id.* at 244-45.

Courts have held that under the Little Miller Act, "if all the goods in a series of deliveries by the materialman to a subcontractor are used on the same government project, the notice is in time as to all of the deliveries if given within ninety days of the last delivery." *Insurance Co. of North America v. Genstar Stone Products Co.,* 338 Md. 161, 169-70 (Md.1995). Therefore, the individual purchase orders at issue cannot be read as separate, divisible contracts. Plaintiff's contract for the Maryland Project, though partitioned for multiple deliveries, was not complete until the last item was furnished. Here, the last item delivered was the Franke espresso machine on September 11, 2019. Defendant even acknowledges that the project was completed in September 2019. ECF No. 81 at 4.

On October 30, 2019, Plaintiff sent an email to RME as notice of subcontractor HMC's unpaid balance. ECF No. 1-6 at 4; ECF No. 55-1 at 2. Though this initial notice to the general contractor satisfied the Little Miller Act's requirements, Plaintiff also sent notice of the unpaid balance directly to Defendant on November 15, 2019 and November 22, 2019. ECF No. 1 at 5. Thus, Plaintiff's notice under the Little Miller Act was timely as it was given within 90 days of September 11, 2019.

Lastly, contrary to Defendant's arguments, Plaintiff is protected by the Little Miller Act. For a sub-subcontractor to be protected under the Little Miller Act, "[a] contractual lineage to the owner must be demonstrated, that is, a subcontractor or sub-subcontractor must fall within the contractual chain directly leading to the owner." *Atlantic Sea-Con, Ltd. v. Robert Dann Co.*, 321 Md. 275, 292 (Md.1990). Defendant argues that Plaintiff was a "materialman" for the purposes of the Little Miller Act and thus their work does not entitle them to coverage under the Act. ECF No. 81-1 at 15. Plaintiff indeed furnished supplies to Defendant not just as a materialman, but as a sub-subcontractor. Plaintiff installed the commercial food service equipment. RME directly contracted with Defendant HMC who in turn, directly contracted with Plaintiff. *See supra* p. 2. It is evident then, that Plaintiff falls within "the contractual chain" leading directly to RME. As a sub-subcontractor protected by the Little Miller Act who entered into an indivisible contract, Plaintiff's notices to RME on October 30, 2019, and to Defendant HIC on November 15, 2019, and November 22, 2019, were within 90 days of September 11, 2019 and thus Plaintiff's Motion is GRANTED as to Defendant HIC.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, the Court finds that there are no genuine issues of material fact as to the interpretation of Md. Code Ann., State Fin. & Proc. § 17-

108(b)(2)(ii). Therefore, Plaintiff's Motion (ECF No. 79) is GRANTED as to Defendant HIC. A separate order will follow.

Date: _11 August 2021_

A. David Copperthite
United States Magistrate Judge