# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
A. DAVID COPPERTHITE
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0946
MDD_ADCChambers@mdd.uscourts.gov

October 21, 2021

TO COUNSEL OF RECORD

Re: *Johnson-Lancaster and Associates, Inc. v. H.M.C., Inc., et al.*
Civil No. ADC-20-992

Dear Counsel:

I am in receipt of the Court Appointed Receiver's Status Report and Final Billing Report. ECF Nos. 138–39. This Court, without objection, granted Plaintiff's Emergency Motion to Appoint Receiver (ECF No. 84) on July 12, 2021. ECF No. 99. Plaintiff set forth a sufficient basis for this Court to appoint a Receiver, alleging that Defendant H.M.C. Inc. ("HMC") was dissolving its assets but was conducting the same business under a different corporate name (Holdings Management Company or H.M.C.) and with the same CEO in order to hide or otherwise dispose of those assets. There was no response by HMC and the Court appointed John M. Collard as Receiver at the request of Plaintiff. Also on July 12, 2021 this Court entered a default judgment against HMC in the amount of $622,960.71 plus pre judgment interest, post judgment interest and costs associated with ECF No. 84. ECF No. 99. Throughout the default proceedings and Receivership, HMC has failed to respond and failed to obtain counsel. There was no appeal filed on behalf of HMC. For the reasons stated below, ECF No. 141 is GRANTED in part and DENIED in part.

On August 4, 2021, counsel filed a motion to intervene on behalf of the successor entity to H.M.C. Inc., Holdings Management Company. ECF No. 119. On August 12, 2021, the Court granted the motion. ECF No. 124. On the same date, the Court Ordered the Receiver to cease all activities related to the litigation until further order of the Court. ECF No. 125. On August 17, 2021 a conference call was conducted with Defendant Hudson Insurance Company's ("HIC") counsel, Plaintiff, and Intervenor's counsel and again the Court Ordered the Receiver to cease all activities. Instead, the Court Ordered discovery to commence between Plaintiff and Holdings Management Company. ECF No. 126. On August 24, 2021 the Court for the third time Ordered Receiver to cease all activities. ECF No. 128. Finally on the same date, the Court struck ECF No. 99, the Order appointing the Receiver. ECF No. 130.

Receiver Collard filed his final status report and billing report on August 31, 2021. ECF Nos.138–39. There has been no entry of counsel for Defendant HMC and no objection to any of the pleadings filed by the Receiver. The Court appointed the Receiver under the analogous authority of 28 U.S.C. 3103. This Court has local precedence to appoint a Receiver in a diversity case where there is "fraudulent conduct on the part of the defendant [and] the imminent danger of the property being lost, concealed, injured, diminished in value or squandered." *LNV Corp. v. Harrison Family Bus., LLC,* 132 F.Supp.3d 683, 689 (D.Md. 2015) (citations omitted). Here the uncontested allegations of Plaintiff warranted the appointment. It is clear that any conduct after the Court Ordered the Receiver to cease, is not compensable, with the exception of filing the final billing and turning over documents to the Court. The Court notes that Mr. Collard had to be Ordered three times to cease his activities. While the amounts requested by the Receiver are not contested, this Court has the authority and the duty to review those

*Johnson-Lancaster and Associates, Inc. v. H.M.C., Inc., et al.*
Civil No. ADC-20-992
October 21, 2021
Page 2

amounts and determine what compensation is reasonable. 28 U.S.C. 3103(g).

In the billing statement of July 20, 2021, Mr. Collard reported 11.45 hours spent at $350.00 per hour between June 4, 2021 and June 30, 2021. The Court did not Order the appointment of Mr. Collard until July 12, 2021. ECF No. 99. Therefore, any time spent before the Court Order was in effect is non-compensable and is stricken by the Court. The total billing is initially reduced by $4,007.50. The Receiver reported activity from July 19, 2021 through July 25, 2021 for a total of 29.85 hours at $350.00 per hour for a total of $10,447.50.ECF No. 141. The Court has no objection to that compensation. Mr. Collard claimed activity from July 26, 2021 through August 12, 2021 of 13.95 hours at $350.00 per hour for a total of $4,882.50 plus locksmith charges of $350.00 for a total of $5,232.50. ECF No. 139-1. The Court will allow those charges, which again are uncontested by HMC. The remaining activity on August 25, 2021 through August 30, 2021 which was necessary to terminating the Receivership as Ordered by the Court, 5.5 hours at $350.00 is compensable for a total of $1,925.00. ECF No. 139-2 at 7. Therefore, ECF 141, the Receiver's Request for Approval of Fees is GRANTED in part and DENIED in part and the Court awards the following:

$10,447.50 for activity from July 19, 2021 through July 25, 2021
$ 4,882.50 for activity from July 26, 2021 through August 12, 2021
$    350.00 for locksmith charges
$ 1,925.00 for activity from August 25, 2021 through August 30, 2021

The total amount of compensation to be awarded to the Receiver, Mr. Collard, is $17,605.00. The Receiver is to be paid from any judgment amounts obtained against HMC. In the event there are no funds available after the conclusion of all litigation between Plaintiff Johnson-Lancaster and HMC, the Receiver is to be paid by the party who requested the receiver, Plaintiff Johnson-Lancaster and Associates, Inc. pursuant to 28 U.S.C. 3103(g)(2). On August 11, 2021, Plaintiff was granted summary judgment against Defendant HIC. ECF No. 121. HIC has filed an appeal and HIC is not a party to nor responsible for any costs regarding the receivership.

Despite the informal nature of this letter, it is an ORDER of the Court and will be docketed accordingly.

Very truly yours,

A. David Copperthite
United States Magistrate Judge